IN THE CIRCUIT COURT OF LOWNDES COUNTY
STATE OF MISSISSIPPI

**ELAINE HILL**     FILED MAR 11 2014     **PLAINTIFF**

**VERSUS**     Ophelic␣␣␣Circuit Clerk     **CIVIL ACTION NO. 2014-0023-CVI H**

**FOOD GIANT SUPERMARKETS, INC.,**
**AND JOHN DOES A-M and JANE DOES N-Z**     **DEFENDANTS**

## COMPLAINT

COMES NOW Elaine Hill, plaintiff in the above-styled and numbered cause, by and through her attorneys of record and files this her complaint against Food Giant Supermarkets, Inc., and John Does A-M and Jane Does N-Z, Defendants, and in support thereof would respectfully show unto the Court following facts, to-wit:

1. The Plaintiff, Elaine Hill, is an adult resident citizen of Lowndes County, Mississippi, whose address is 398 Crigler Road, Crawford, Mississippi 39743.

2. The Defendant, Food Giant Supermarkets, Inc., (hereinafter "Food Giant") is a non-resident corporation of the State of Mississippi qualified to do business herein and may be served with the process of this Court by service upon Incorp Services, Inc., its agent for service of process, at its address of, 405 Galleria Lane, Suite C, Oxford, MS 38655.

3. The Defendants John Does A-M are presently unknown to the Plaintiff and are hereby designated as fictitious parties pursuant to the provisions of Rule 9(h), *Mississippi Rules of Civil Procedure*, but whose names, when discovered, will be properly set forth by amendment hereto. The John Doe Defendants were, at all times



pertinent hereto, acting as the agents, servants and/or employees of Food Giant at its store located in Columbus, Mississippi.

4. The Defendants Jane Does N-Z are presently unknown to the Plaintiff and are hereby designated as fictitious parties pursuant to the provisions of Rule 9(h), *Mississippi Rules of Civil Procedure*, but whose names, when discovered, will be properly set forth by amendment hereto. The Jane Doe Defendants were, at all times pertinent hereto, acting as the agents, servants and/or employees of Food Giant at its store located in Columbus, Mississippi.

## Jurisdiction

5. This Court has subject matter jurisdiction of this matter pursuant to the provisions of *MCA* § 9-7-81 (1972) in that the subject matter of this litigation is not made exclusively cognizable in some other Court by the Constitution and laws of this state and the principal amount in controversy exceeds Three Thousand Five Hundred Dollars ($3,500.00).

6. This Court has *in personam* jurisdiction of the Defendants in that the Defendant Food Giant is a non-resident corporation qualified to do business in the state and may be served with the process therein, and the Defendants John and Jane Does are adult resident citizens of this state and may be served with the process therein.

## Venue

7. This Court has venue of this action pursuant to the terms and provisions of *MCA* § 11-11-13 (1972, as amended) in that the substantial act and event that caused the injury to the Plaintiff occurred within Lowndes County, Mississippi.

2

## Underlying Facts

8.     On May 6, 2012, and at all relevant times, Food Giant was actively engaged in the business of operating a supermarket located in Columbus, Mississippi.

9.     At all relevant times, the John Doe Defendants A-M and Jane Doe Defendants N-Z were acting within the course and scope of their employment with the Defendants who were either working in the entrance area, near the ice machine, to Food Giant and/or were responsible for inspecting and maintaining the entrance area, near the ice machine, in a reasonably safe condition for Food Giant's business invitees and removing and correcting any hazardous condition located thereon or warning invitees of such hazard. Consequently, all actions or inactions of the Defendant John Does and Jane Does are imputed to the Defendant, Food Giant.

10.    At all relevant times, Ms. Hill was a business invitee of Food Giant at its business located in Columbus, Mississippi.

11.    At all relevant times, Ms. Hill was exercising due care for her own safety.

12.    On the afternoon of May 6, 2012, Ms. Hill went to the Food Giant store in Columbus for the purpose of shopping for groceries and other household items. As she walked through the front entrance of Food Giant, and past the ice machine situated near the entranceway, she stepped into a slimy and slippery area of the floor, in front of said ice machine, and her feet, suddenly and without warning, slipped out from under her causing her to fall.

13.    Prior to Plaintiff's fall, the hazardous condition of the entrance way, in front of the ice machine, had been created by the negligence of the Defendant and John Does A-M and Jane Does N-Z in failing to properly clean, inspect and monitor the

3

entranceway, and that area in front of the ice machine and/or warn business invitees of the hazardous condition of the floor.

14. Notwithstanding the hazardous condition of the entranceway, in front of the ice machine, the Defendants failed to remove this hazard, which was not readily apparent to its invitees, including Ms. Hill, or to warn her of the hazard.

15. As a result of her fall, the Plaintiff was caused to sustain severe and painful permanent injuries, all as hereinafter set forth. At the time of the fall, the Plaintiff was 49 years of age, in good health and had a life expectancy of 36 years according to the *Vital Statistics of the United States, 2003*.

### Duties and Breaches

16. At all relevant times, the Defendants owed their invitees, in general, and Ms. Hill, in particular, the duty to exercise reasonable and ordinary care to provide a reasonably safe place for their customers to shop and to warn of any hazardous condition, not readily apparent, which the Defendants knew or should have known was present.

17. In connection with Plaintiff's fall and resulting injuries, the Defendants breached the duty of care owed to the Plaintiff in the following respects:

    a. they failed to exercise reasonable care to provide the Plaintiff a reasonably safe place within which to shop;

    b. they created a hazardous condition on the entranceway, in front of the ice machine;

    c. they failed to timely correct the hazardous condition of its entranceway, around the ice machine, when they knew or should have known of said condition through the exercise of reasonable care;

    d.    they failed to warn the Plaintiff of the slippery condition of its entranceway, around the ice machine, when they knew or should have known through the exercise of reasonable care that invitees such as the Plaintiff, would not discover the condition in the exercise of reasonable diligence;

    e.    they failed to properly inspect and clean the entranceway, around the ice machine, at the site of Plaintiff's fall; and

    f.    they acted or failed to act in other ways so as to cause the Plaintiff's fall.

## Causation

18. The Plaintiff's fall and resulting injuries were a direct and proximate result of the acts of omission and commission of the Defendants, all as set forth herein above, each in full and uninterrupted force, in active operation at the time set forth, combined, coincided and concurred to cause Plaintiff to slip and fall.

## Damages

19. As a direct and proximate result of the negligence of the Defendants, as aforesaid, the Plaintiff was caused to sustain serious, permanent and painful injuries and damages including, but not limited to, the following:

    a. Serious and permanent injuries, including, but not limited to, injuries to her neck and lower back;

    b. Past, present and future physical pain, suffering and mental anguish;

    c. Impairment of her ability to enjoy life; and

    d. Medical expenses in excess of $106,074.00

## Ad Damnum

WHEREFORE, PREMISES CONSIDRED, the Plaintiff, Elaine Hill, brings this action against the Defendants, Food Giant Supermarkets, Inc., and John Does A-M and Jane Does N-Z, and demands judgment of and against said Defendants, jointly and severally, for the compensatory damages sustained as a result of her injuries in an amount in excess of the minimal jurisdictional limits of the Circuit Court of the State of Mississippi so as to reasonably compensate the Plaintiff for her injuries and damages sustained, together with all costs of this action.

ELAINE HILL

By: _____
ALAN D. LANCASTER, MSB No. 1792
P.O. box 645
Winona, MS 38967
662-283-2132

ATTORNEY FOR PLAINTIFF

OF COUNSEL:

LISTON/LANCASTER, PLLC
126 North Quitman Avenue
P.O. box 645
Winona, MS 38967
662-283-2132

JOHN M. MONTGOMERY
Attorney at Law
P.O. Box 891
Starkville, MS 39760-0891
Phone: 662-323-1500